11L 151
16L 440
1pi 172

NORA B. HART and Husband *v.* BIANCA CZAPSKI *et al.*

CHANCERY COURT JURISDICTION. *Guardian and Ward. Non-residents.* The chancery court of the district in which a guardian has been appointed for infants, has jurisdiction upon the application of the guardian, to break into the principal of the estate of the infants for their benefit, where the estate whether consisting of realty or personalty, is placed under the control of the court, although the guardian and wards are non-residents of the State, and the latter made defendants by publication.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

RANDOLPH & McHENRY for complainants.

H. C. WARRINER for defendants.

COOPER, J., delivered the opinion of the court.

This bill, filed in the chancery court of Shelby

county, was dismissed by the chancellor on motion, and complainants appealed.

Louis Czapski died in 1878 in Shelby county, of which county he was a resident citizen, leaving a widow, the complainant, Nora B., who has since inter-married with her co-complainant, A. W. Hart, and four children. These children are defendants to the bill, and their ages at the filing of the bill ranged from four to thirteen years. The complainant, Nora B., was appointed by the probate court of Shelby county, the guardian of the children. The only estate of the infants consists of $5,000 invested in the first mortgage bonds of the Mississippi & Tennessee Railroad Company, a corporation of this State. These bonds have been since they became the property of the wards, and are now in the custody and under the control of the defendant, the Union and Planters Bank, a corporation of this State at Memphis. The income from these bonds is only $400, and insufficient, the bill alleges, for the support and education of the children. It is further alleged that the pecuniary condition of the complainants is not such as to enable them to supply the deficiency out of their own means. The object of the bill is to obtain the sanction of the court to a sale of one of the bonds for $1,000, and the appropriation of the proceeds to the maintenance and education of the children. The bill states that the complainants and the children are non-residents of the State, and residents of Rock county in the State of Iowa. And it asks that the children be made defendants by publication. The bill is sworn to.

Publication having been made, the chancellor appointed a guardian *ad litem* for the infants. The guardian thereupon moved the court to dismiss the bill because it shows that the regular guardian and the wards are non-residents of the State, and, the suit relating to personal property, does not give the court jurisdiction of such non-resident defendants.

The court of chancery, it is conceded, has power to break into the principal of an infant's estate, or to authorize the guardian to do so, where the fund is so small that the interest will not afford the means of a competent maintenance and education to the infant: *Beeler* v. *Dunn*, 3 Head, 88. It is equally conceded that the non-residence of the guardian and wards would be no obstacle to the relief sought if the court has in other respects acquired jurisdiction: *McClelland* v. *McClelland*, 7 Baxt., 210; *Hickman* v. *Dudley*, 2 Lea, 375; *Stephens* v. *Jones*, 1 M. & K., 627. The argument in support of the demurrer is that non-resident parties cannot be brought into court by publication unless there is something in the case to give the court jurisdiction independent of the publication. For, it is pertinently said, if it were otherwise, the present suit might be brought in any county in the State. And the question therefore is whether there is anything to confer upon the chancery court of Shelby county the requisite jurisdiction.

The court of chancery in this State acts ordinarily, *in personam*, and suit may be instituted wherever a material defendant is found, unless otherwise prescribed by law: Code, sec. 4305. But the Code does pro-

vide for the local jurisdiction of the court when the
parties cannot be found within the limits of the judi-
cial district.    Among other things it provides that
bills against non-residents, or persons whose names and
residences are unknown, may be filed in the district
in which the cause of action arose, or the act on
which the suit is predicated was to be performed, or
in which the subject of the suit or any material part
thereof is:   Code, sec. 4311, sub-sec. 4.    The appoint-
ment of a general guardian of an infant by any of
the probate courts of this State, and the qualification
of the guardian by the execution of a bond and other-
wise as prescribed by law, creates a relation between
the guardian and ward, and obligations on the part of
the guardian to the ward upon which causes of action
necessarily arise, and under which acts and duties are
to be performed.    The court of chancery of the dis-
trict of appointment would, by virtue of the statute,
have jurisdiction of such cases.    It is the duty of the
guardian to appropriate the estate of the ward to his
maintenance and education.    The ward may clearly
enforce the duty by action against the guardian, and
the guardian may just as clearly administer the assets
of the ward within the jurisdiction of the court under
the orders of the court.    The non-residency of the
parties, as we have seen, offers no obstacle to the ex-
ercise of the jurisdiction.    It can make no difference
whether the property of the ward, sought to be ad-
ministered, is real or personal, nor whether it has
always been within the local jurisdiction of the court,
or is brought there for the express purpose of confer-

ring jurisdiction. All that is material is that it is. the property of the ward, and that it should be used for his benefit.

The decree must be reversed and the cause remanded for further proceedings. The costs of this. court will be paid by the complainant, and allowed as a credit in the settlement of the guardian.